**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Guy Wichert
PLAINTIFF

vs. C.A. NO.: 2007-136

Deep Sea Fish of Rhode Island, Inc.
DEFENDANT

and

Silhouette Trawlers, Inc.
DEFENDANT

**FIRST AMENDED COMPLAINT**

1. Plaintiff, Guy Wichert, is a seaman and a citizen of the State of Rhode Island, and was, at all times hereinafter referred to, a member of the crew of the F/V Huntress, a commercial fishing vessel.

2. Defendant, Deep Sea Fish of Rhode Island, Inc. is a corporation duly organized under the laws of the State of Rhode Island, regularly doing business in this state, and at all times hereinafter referred to, it owned, controlled and operated the F/V Huntress, a commercial fishing vessel and employed Plaintiff, Guy Wichert.

3. The F/V Huntress weighs more than 20 Gross tons and commenced every fishing voyage relative to this complaint from a Port of the United States of America.

## JURISDICTION

4. Jurisdiction lies under the Merchant Marine Act of 1920, more commonly known as The Jones Act 46 U.S.C. 688 as supplemented by the Federal Employee's Liability Act 45 U.S.C. 51, 46 U.S.C 10601, and 46 U.S.C. 11107, the General Maritime Law of the United States of America, as well as under 28 U.S.C. 1331 and 1333.

## COUNT I
(MAINTENANCE AND CURE)
(As To Defendant, Deep Fish of Rhode Island, Inc.)

5. On or about 29 November 2006 the Plaintiff, Guy Wichert, was in the employ of the Defendant, Deep Sea Fish of Rhode Island, Inc., as a seaman aboard the F/V Huntress and suffered a serious personal injury.

6. There was no charter in effect between the Defendant, Deep Sea Fish of Rhode Island, Inc., and any third party on or about 29 November 2006.

7. Plaintiff, Guy Wichert, was in the service of the F/V Huntress, and was in the exercise of due care in the performance of his seaman's duties at the time he was injured.

8. As a result of said injuries, Plaintiff, Guy Wichert, is unable to engage in work as a crew member on a fishing vessel which is his usual occupation.

9. Plaintiff, Guy Wichert, is entitled to be paid actual expenditures for food and housing as well as unearned wages to the end of the fishing season.

10. Plaintiff, Guy Wichert, has made demand for maintenance and cure and unearned wages to the end of the fishing season.

11. Defendant has refused to reimburse Plaintiff Guy Wichert for his actual expenditures for maintenance but has paid him a flat fee set by Defendant Deep Sea Fish of Rhode Island, Inc. or more specifically its insurer, Sunderland Marine Mutual.

12. There is no collective bargaining agreement setting a rate of maintenance.

13. The injury Plaintiff, Guy Wichert, now complains of occurred and manifested while he was in the service of the F/V Huntress.

14. Defendant, Deep Sea Fish of Rhode Island, Inc., is callous and indifferent to its obligation to pay a fair rate of maintenance and cure and unearned wages to the end of the fishing season.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the Defendant, Deep Sea Fish of Rhode Island, Inc., for daily living expenses (food and lodging) sufficient to maintain himself in a manner comparable to that which he had

aboard the F/V Huntress, the total cost of all medical expenses incurred by the Plaintiff, Guy Wichert, as a result of the aforesaid injuries, wages to the end of the fishing season, plus interest, plus costs, plus punitive damages, plus attorney's fees.

**Count II**

(JONES ACT 46 U.S.C. 688)
(As To Defendant, Deep Sea Fish of Rhode Island, Inc.)

15. The Plaintiff repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 14.

16. The injuries sustained by the Plaintiff, Guy Wichert, were not caused by any fault on his part, but rather by the negligence of the Defendant, Deep Sea Fish of Rhode Island, Inc., its agents or servants, which was a contributing cause of the Plaintiff's injuries, as follows:

(A) The injuries sustained by the Plaintiff, Guy Wichert, were caused by the unseaworthiness of the F/V Huntress, including, the refusal of the owner to repair the auto-pilot before going to sea, the refusal of the owner to call for a private tow because of its expense when the F/V Huntress broke down, and the owner's insistence on having of the F/V Huntress wallow in heavy seas and weather until another vessel owned by this same defendant could arrive, the vessel owner's arrangement for towing of the disabled F/V Huntress by an ill-equipped and ill-suited vessel which the Defendant also owned, the resort to inappropriate means of towing and

improper fastening of a deck cleat.

(B) Failure to use due care to provide and maintain a seaworthy vessel.

(C) Failure and negligence in other respects that will be shown at trial.

17. As a result of said injuries, the Plaintiff, Guy Wichert, has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the Defendant, Deep Sea Fish of Rhode Island, Inc., for compensatory damages in an amount to of one million dollars ($1,000, 000.00) together with taxable costs.

**Count III**

(BREACH OF WARRANTY OF SEAWORTHINESS)
(As To Defendant, Deep Sea Fish of Rhode Island, Inc.)

18. The Plaintiff, Guy Wichert, repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 17.

19. The injuries sustained by the Plaintiff, Guy Wichert, were caused by the unseaworthiness of the F/V Huntress, including, the refusal of the owner to repair the auto-pilot before going to sea, the refusal of the owner to call for a private tow because of its expense when the F/V Huntress broke down, and the

owner's insistence on having of the F/V Huntress wallow in heavy seas and weather until another vessel owned by this same defendant could arrive, the vessel owner's arrangement for towing of the disabled F/V Huntress by an ill-equipped and ill-suited vessel which the Defendant also owned, the resort to inappropriate means of towing and improper fastening of a deck cleat.

20. As a result of said injuries, the Plaintiff, Guy Wichert, was hit in the back by a deck cleat when it was torn off the deck in the course of a dangerous operation and has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the Defendant, Deep Sea Fish of Rhode Island, Inc., for compensatory damages in an amount of one million dollars ($1,000, 000.00) together with taxable costs and prejudgment interest.

**COUNT IV**
(MAINTENANCE AND CURE)
(As To Defendant, Silhouette Trawlers, Inc.)

21. Plaintiff Wichert repeats and re-alleges all of the allegations set forth above in paragraphs 1,3, and 4.

22. On or about 29 November 2006 the Plaintiff, Guy Wichert, was in the employ

of the Defendant, Silhouette Trawlers, Inc., a Rhode Island Corporation, as a seaman aboard the F/V Huntress I which is owned by Defendant Silhouette Trawlers, Inc. and suffered a serious personal injury.

23. There was no charter in effect between the Defendant, Silhouette Trawlers, Inc., and any third party on or about 29 November 2006.

24. Plaintiff, Guy Wichert, was in the service of the F/V Huntress I, and was in the exercise of due care in the performance of his seaman's duties at the time he was injured.

25. As a result of said injuries, Plaintiff, Guy Wichert, is unable to engage in work as a crew member on a fishing vessel which is his usual occupation.

26. Plaintiff, Guy Wichert, is entitled to be paid actual expenditures for food and housing as well as unearned wages to the end of the fishing season.

27. Plaintiff, Guy Wichert, has made demand for maintenance and cure and unearned wages to the end of the fishing season.

28. Defendant has refused to reimburse Plaintiff Guy Wichert for his actual expenditures for maintenance but has paid him a flat fee set by Defendant Silhouette Trawlers, Inc. or more specifically its insurer, Sunderland Marine Mutual at $15.00 per day.

29. There is no collective bargaining agreement setting a rate of maintenance.

30. The injury Plaintiff, Guy Wichert, now complains of occurred and manifested while he was in the service of the F/V Huntress I.

31. Defendant, Silhouette Trawlers, Inc., is callous and indifferent to its obligation to pay a fair rate of maintenance and cure and unearned wages to the end of the fishing season.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the Defendant, Silhouette Trawlers, Inc., for daily living expenses (food and lodging) sufficient to maintain himself in a manner comparable to that which he had aboard the F/V Huntress I, the total cost of all medical expenses incurred by the Plaintiff, Guy Wichert, as a result of the aforesaid injuries, wages to the end of the fishing season, plus interest, plus costs, plus punitive damages, plus attorney's fees.

**Count V**

(JONES ACT 46 U.S.C. 688)
(As To Defendant, Silhouette Trawlers, Inc.)

32. The Plaintiff repeats and re-alleges all of the allegations set forth above in paragraphs 1, 3, 4 and 21 through 31.

33. The injuries sustained by the Plaintiff, Guy Wichert, were not caused by any fault

on his part, but rather by the negligence of the Defendant, Silhouette Trawlers, Inc., its agents or servants, which was a contributing cause of the Plaintiff's injuries, as follows:

(A) The injuries sustained by the Plaintiff, Guy Wichert, were caused by the unseaworthiness of the F/V Huntress I, including, the refusal of the owner to repair the auto-pilot before going to sea, the refusal of the owner to call for a private tow because of its expense when the F/V Huntress I broke down, and the owner's insistence on having of the F/V Huntress I wallow in heavy seas and weather until another vessel owned by this same defendant could arrive, the vessel owner's arrangement for towing of the disabled F/V Huntress I by an ill-equipped and ill-suited vessel which the Defendant also owned, the resort to inappropriate means of towing and improper fastening of a deck cleat.

(B) Failure to use due care to provide and maintain a seaworthy vessel.

(C) Failure and negligence in other respects that will be shown at trial.

34. As a result of said injuries, the Plaintiff, Guy Wichert, has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the

Defendant, Silhouette Trawlers, Inc., for compensatory damages in an amount to of one million dollars ($1,000, 000.00) together with taxable costs.

**Count VI**

(BREACH OF WARRANTY OF SEAWORTHINESS)
(As To Defendant, Silhouette Trawlers, Inc.)

35. The Plaintiff, Guy Wichert, repeats and re-alleges all of the allegations set forth above in paragraphs1, 3, 4, and 21 through 34.

36. The injuries sustained by the Plaintiff, Guy Wichert, were caused by the unseaworthiness of the F/V Huntress I, including, the refusal of the owner to repair the auto-pilot before going to sea, the refusal of the owner to call for a private tow because of its expense when the F/V Huntress I broke down, and the owner's insistence on having of the F/V Huntress I wallow in heavy seas and weather until another vessel owned by this same defendant could arrive, the vessel owner's arrangement for towing of the disabled F/V Huntress I by an ill-equipped and ill-suited vessel which the Defendant also owned, the resort to inappropriate means of towing and improper fastening of a deck cleat.

37. As a result of said injuries, the Plaintiff, Guy Wichert, was hit in the back by a deck cleat when it was torn off the deck in the course of a dangerous towing operation and has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Guy Wichert, demands judgment against the Defendant, Silhouette Trawlers, Inc., for compensatory damages in an amount of one million dollars ($1,000, 000.00) together with taxable costs and prejudgment interest.

Dated: 3 May 2007

Respectfully submitted
Plaintiff, Guy Wichert
By his Attorney,

/s/Merlyn P. O'Keefe
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 Phone
(401) 789-1757 Fax
Ct. Reg. #2439

Plaintiff Guy Wichert demands trial by jury as to all counts and designates Merlyn P. O'Keefe, Esquire as trial counsel.

CERTIFICATION

I hereby certified that I mailed a true copy of the within, first class postage pre-paid, on the 3rd day of May 2007 to the following:

J. Renn Olenn, Esq.
530 Greenwich Avenue
Warwick, RI 02886

John G. Earle, Esq.
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888-3855

/s/Merlyn P. O'Keefe