**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Guy Wichert
PLAINTIFF

vs. C.A. NO.: 2007- 136 S

Deep Sea Fish of Rhode Island, Inc.
DEFENDANT

and

Silhouette Trawlers, Inc.
DEFENDANT

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF WICHERT"S MOTION FOR AN IMMEDIATE TRIAL

Guy Wichert was a deckhand aboard the F/V Huntress I fishing out of the Port of Galilee. On November 29, 2006 in foul weather, the F/V Huntress I broke down at sea. The owner declined to call for a private tow and sent over another boat he owned, the F/V Saint Jude to tow in the F/V Huntress I.

The tow commenced and both vessels were making way one in front of the other in heavy weather. However, as the vessels approached port, to increase maneuverability to the necessary level, the vessels had to make up side to side.

Although it was apparent the vessels were a mismatch in terms of lining up- the F/V Huntress I being larger than the F/V Saint Jude- the vessels proceeded to attempt to make up that tow. In the process, a line aboard the F/V Huntress I was secured to one of its cleats on board and ran to the other vessel where the line had been made fast While under this load, the cleat aboard the F/V Huntress I parted from the bulkhead and hit Plaintiff Guy Wichert smack in the back.

The Vessel Owners had immediate notice of the injury as they, or at least two of their captains and several deckhand employees, were eye witnesses to it, but did not pay

or offer to pay any maintenance even when sent a letter of representation from Plaintiff Wichert's previous law firm on 10 January 2007 including reports from Mr. Wichert's treating physicians. It was not until undersigned counsel made a specific demand for maintenance that maintenance was paid retroactively up to today, albeit at the rate of $15.00 per diem. This amount is chosen arbitrarily by the vessel's insurer and is not based on the seaman's actual expenditures,where as here there is no Collective Bargaining Agreement, although they have fully investigated the liability aspects of the case taking statements from some witnesses twice. *Smith* v. *U.S.* 943 F. Supp. 159 (D.R.I. 1996). Although the vessel has interviewed some witnesses twice, it has never asked for Wichert's actual expenditures which is a clear indication of their callous and recalcitrant attitude. *Vaughan* v. *Atkinson* 369 U.S. 527 (1962). See also *Breese* v. *AWI*, Inc. 823 F.2d 100 (5th Cir. 1987) ("incredibly lax" investigation equals bad faith).

Such is the approach of this non-resident insurer and it has caused unnecessary litigation again and again. As far back as 1991, after a full blown trial on the rate issue, District Judge, now Senior District Judge Lagueux, set the rate at $25.00 per day. *Ronan* v. *LNA, Inc*. 91-256 L. Similarly and more recently, the same insurer, as in Ronan and here, settled a maintenance claim at $30.00 per day minutes before a bench trial on the rate was to commence before Chief District Judge Lisi. *Riberdy* v. *Karen Sue, Inc*. 2001-89ML____________. Plaintiff has previously sent the accident room report of 30 November 006 and the reports of his treating Physician, Martin J. Kerzer, D.O. of 20 December 2006 and 16 January 2006. The 20 December 2006 report noted "Right sciatic radiculopathy" causally related to the on-board incident and considered Mr. Wichert totally disabled from the date of the accident through the the date of that report and, on 16 January 2007, "the patient was advised to remain out of work."

To avoid prolonging the obvious hardship to seamen who are not being paid adequate maintenance, other Courts have resorted to an immediate trial to the bench under _Tate_ v. _American Tugs, Inc._ 634 F.2d 869 (5th Cir. 1981).

In this case since Mr. Wichert has to go to Court to collect what is plainly due him, he is entitled to attorney's fees and punitive damages in addition. _Robinson_ v. _Pocahantas, Inc_. 477 F. 2d 1048 (1st Cir. 1973).

Dated: 16 June 2007

Respectfully submitted
Plaintiff, Guy Wichert
By his Attorney,

/s/Merlyn P. O'Keefe
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 Phone
(401) 789-1757 Fax
Ct. Reg. #2439

CERTIFICATION

I hereby certified that I mailed a true copy of the within, first class postage pre-paid, on the 16 day of June 2007 to the following:

Seth Holbrook, Esq.
238 Lewis Wharf
Boston, MA 02210

/s/Merlyn P. O'Keefe