**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GUY WICHERT**<br>**Plaintiff,**<br><br>**vs.**<br><br>**DEEP SEA FISH OF RHODE ISLAND, INC.**<br>**Defendant**<br><br>**and**<br><br>**SILHOUETTE TRAWLERS, INC.**<br>**Defendant** | **)** | **C.A. NO.: 2007-136-S-DLM** |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

1. The defendants admit that on November 29, 2006, the plaintiff served as a seaman and as a member of the crew of the F/V HUNTRESS I, a commercial fishing vessel. The defendants deny the remaining allegations contained in Paragraph One (1).

2. The defendants admit that Deep Sea Fish of Rhode Island, Inc. is a corporation duly organized under the laws of the State of Rhode Island, regularly doing business in Rhode Island. The defendants deny the remaining allegations contained in Paragraph Two (2).

3. The defendants admits the allegations contained in Paragraph Three (3).

## JURISDICTION

4. The allegations contained in Paragraph Four (4) are statements of law requiring no Answer of the defendants. To the extent an Answer is required, the defendants deny same.

## COUNT I

(MAITENANCE AND CURE)
(As To Defendant, Deep Fish of Rhode Island, Inc.)

5. The defendant denies the allegations contained in Paragraph Five (5).

6. The defendant admits that there was no charter in effect between the defendant and any third party with regard to the F/V HUNTRESS I. The defendant denies the remaining allegations contained in Paragraph Six (6).

7. The defendant denies the allegations contained in Paragraph Seven (7).

8. The defendant denies the allegations contained in Paragraph Eight (8).

9. The defendant denies the allegations contained in Paragraph Nine (9).

10. The defendant admits that the plaintiff has made demand for maintenance and cure. The defendant denies the remaining allegations contained in Paragraph Ten (10).

11. The defendant denies the allegations contained in Paragraph Eleven (11).

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12) and therefore denies same.

13. The defendant denies the allegations contained in Paragraph Thirteen (13).

14. The defendant denies the allegations contained in Paragraph Fourteen (14).

WHEREFORE, the defendant prays that Count I of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**COUNT II**

(JONES ACT 46 U.S.C. 688)
(As To Defendant, Deep Sea Fish of Rhode Island, Inc.)

15. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Fourteen (14), inclusive, of its Answer and incorporates same by reference herein.

16. The defendant denies the allegations contained in Paragraph Sixteen (16), including sub-Paragraph (A) – (C), inclusive.

17. The defendant denies the allegations contained in Paragraph Seventeen (17).

WHEREFORE, the defendant prays that Count II of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**COUNT III**

(BREACH OF WARRANTY OF SEAWORTHINESS)
(As To Defendant, Deep Sea Fish of Rhode Island, Inc.)

18. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Seventeen (17), inclusive, of its Answer and incorporates same by reference herein.

19. The defendant denies the allegations contained in Paragraph Nineteen (19).

20. The defendant denies the allegations contained in Paragraph Twenty (20).

WHEREFORE, the defendant prays that Count III of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## COUNT IV

(MAINTENANCE AND CURE
(As To Defendant, Silhouette Trawlers, Inc.)

21. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1), Three (3) and Four (4), inclusive, of its Answer and incorporates same by reference herein.

22. The defendant admits that on November 29, 2006, the plaintiff served as a seaman aboard the F/V HUNTRESS I, which is owned by defendant Silhouette Trawlers, Inc. The defendant denies the remaining allegations contained in Paragraph Twenty Two (22).

23. The defendant admits that on November 29, 2006, there was no charter in effect between the defendant Silhouette Trawlers, Inc. and any third party with regard to the F/V HUNTRESS I. The defendant denies the remaining allegations contained in Paragraph Twenty Three (23).

24. The defendant denies the allegations contained in Paragraph Twenty Four (24).

25. The defendant denies the allegations contained in Paragraph Twenty Five (25).

26. The defendant denies the allegations contained in Paragraph Twenty Six (26).

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty Seven (27) and therefore denies same.

28. The defendant denies the allegations contained in Paragraph Twenty Eight (28).

29. The defendant admits the allegations contained in Paragraph Twenty Nine (29).

30. The defendant denies the allegations contained in Paragraph Thirty (30).

31. The defendant denies the allegations contained in Paragraph Thirty One (31).

WHEREFORE, the defendant prays that Count IV of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## **COUNT V**

(JONES ACT 46 U.S.C. 688)
(As To Defendant, Silhouette Trawlers, Inc.)

32. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1), Three (3), Four (4) and Twenty-One (21) through Thirty-One (31), inclusive, of its Answer and incorporates same by reference herein.

33. The defendant denies the allegations contained in Paragraph Thirty Three (33), including sub-Paragraphs (A)-(C), inclusive.

34. The defendant denies the allegations contained in Paragraph Thirty Four (34).

WHEREFORE, the defendant prays that Count V of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## **COUNT VI**

(BREACH OF WARRANTY OF SEAWORTHINESS
(As To Defendant, Silhouette Trawlers, Inc.)

35. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1), Three (3), Four (4) and Twenty-One (21) through Thirty-Four (34), inclusive, of its Answer and incorporates same by reference herein.

36. The defendant denies the allegations contained in Paragraph Thirty Six (36).

37. The defendant denies the allegations contained in Paragraph Thirty Seven (37).

WHEREFORE, the defendant prays that Count VI of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## **AFFIRMATIVE DEFENSES**

NOW COMES the defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

1. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill and knowledge reasonably to be expected of an individual of the plaintiff's experience and not due to any negligence or fault on the part of the defendant or any persons for whom the defendant may be legally responsible.

2. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained personal injuries as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

3. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged herein, which is specifically denied, the plaintiff's injury was sustained as a result of an Act of God, for which the defendant is not legally responsible.

4. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

5. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge or privity of the defendant; that the damages claimed herein exceed the value of the vessel and the defendant herein claims benefit of any and all laws and statutes of the United States of America, of and concerning Limitation of Liability of the defendant, including 46 U.S.C. Section 183(b).

6. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained injuries as alleged herein, which is specifically denied, the plaintiff has not provided documentary medical proof of said injuries, that such injuries occurred in the service of the vessel nor that the plaintiff's alleged medical condition is non-palliative.

7. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is barred from recovery based on the Primary Duty Rule.

8. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged herein, which is specifically denied, such injuries were caused by an open and obvious condition for which the defendant is not legally responsible.

9. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the Complaint should be dismissed because of insufficiency of process.

10. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the named defendant Deep Sea Fish of Rhode Island, Inc. is not the plaintiff's employer and therefore the Complaint fails to state a cause of action upon which relief can be granted.

11. AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the named defendant, Deep Sea Fish of Rhode Island, Inc., did not own, operate, control, charter or manage the vessel and therefore the Complaint fails to state a cause of action upon which relief may be granted.

WHEREFORE, the defendant prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees. The defendant claims trial by jury on all issues raised in Plaintiff s Complaint, Defendant's Answer and Affirmative Defenses, excluding the issue of Limitation of Liability which is unique to the Court's determination.

Dated: 28 June 2007

Respectfully submitted,
By its attorney,

/s/ Seth S. Holbrook

Seth S. Holbrook, RI #5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook__murphy@msn.com

**Certificate of Service**

I hereby certify that on June 28, 2007, I electronically filed Defendants' Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Merlyn O'Keefe, Merlyn P. O'Keefe, LLC, 238 Robinson Street, Wakefield, RI 02879.

/s/ Seth S. Holbrook
Seth S. Holbrook, RI# 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151