**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GUY WICHERT**<br>**Plaintiff,** | ) | |
| **vs.** | ) | |
| **DEEP SEA FISH OF RHODE ISLAND, INC.**<br>**Defendant** | ) | **C.A. NO.: 2007-136-S-DLM** |
| **and** | ) | |
| **SILHOUETTE TRAWLERS, INC.**<br>**Defendant** | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S BIFURCATION MOTION**

NOW COME the defendants, in the above captioned matter, by and through their undersigned attorneys and respectfully oppose the Plaintiff's Motion to Bifurcate and for an immediate trial on the issue of the daily rate of maintenance. In support herewith, the defendants state the following:

1. The plaintiff alleges an incident occurring on November 29, 2006, when the plaintiff was struck by a cleat while working aboard the F/V HUNTRESS I. (See plaintiff's complaint at Paragraph Five).

2. The plaintiff filed his Amended Complaint on May 3, 2007. On May 21, 2007, the plaintiffs made service of process on defendant Silhouette Trawlers, Inc. The defendants have timely filed their Answer, denying all substantive liability allegations.

3. The plaintiff has been paid maintenance at the daily rate of $15 from the time of the incident to date. (See plaintiff's memorandum at Paragraph Two). The

plaintiff's attorney alleges that this amount is insufficient and that the plaintiff is entitled to maintenance at the daily rate of $30. (See correspondence of plaintiff's attorney attached hereto as Exhibit A). As such, the amount of money currently in contention at plaintiff's proposed trial is a maximum of $3,240.

The defendant has paid the plaintiff's medical expenses and there is no claim for an immediate trial with regard to cure.

4. The plaintiff did not seek immediate medical attention following his alleged incident aboard the vessel. The next day, on November 30, 2006, the plaintiff was brought to the Emergency Room of Kent County Hospital for an opiate overdose, after being found "down" cyanotic inside a car at a convenience store. At this time he apparently complained of chest pain and not back pain.

5. Based on the medical records submitted, the plaintiff's first complaint of back paid occurred on December 20, 2006, when he was seen by Martin Kerzer, D.O. At this time he was diagnosed with cervical and lumbar sprain and strain, right sciatic radiculopathy, rib contusion and facial contusions and abrasions.

6. Despite the plaintiff's claim of continuing back problems, he has failed and refused to appear for numerous medical appointments. For example, the records of Rhode Island Rehabilitation, P.C., dated February 26, 2007, indicated "poor attendance" "having missed 8 of 14 visits". (See Rhode Island Rehabilitation Record, attached hereto as Exhibit B).

Apparently, the plaintiff's explanation for the missed appointments is that he had to drive from Rhode Island to Michigan. (See record of Martin Kerzer, D.O., attached hereto as Exhibit C).

7. The plaintiff has suffered from significant preexisting back and chest injuries. In 2004, he fell from a second floor and sustained back, chest and hip injuries. (See medical record attached hereto as Exhibit D). An MRI dated August 11, 2004, (attached hereto as Exhibit E) indicates significant preexisting back injuries, including facet joint disease, disc bulging, degenerative changes and disc herniation. In 2005, the plaintiff was involved in a motor vehicle accident. However, defense counsel has not yet been provided all of the records relative to this accident.

8. To date, plaintiff's counsel has not served his automatic disclosure and has never provided any documentation regarding the plaintiff's actual living expenses, such as cancelled checks, utility bills, food receipts etc. Furthermore, it appears the medical records provided are incomplete. Plaintiff's counsel has indicated he has withheld medical records that are "privileged". However, he has not specifically identified said records.

9. Apparently, the plaintiff is a fugitive from Justice. Criminal records obtained through Rhode Island Judiciary website indicate that on March 23, 2007, a bench warrant was issued with regard to the plaintiff. (Attached hereto as Exhibit F).

10. The defendants respectfully asserts that the maintenance issue and the issue of damages under the Jones Act and general maritime law for unseaworthiness are so intertwined that it would be prejudicial, expensive and a waste of judicial resources and time to bifurcate the trial.

11. Considering the plaintiff's preexisting back injury and his late developing claim of back injury in this case, expert medical testimony will be required and is anticipated on behalf of both the plaintiff and the defendants. This alone compels a

conclusion that the plaintiff's proposed immediate trial is economically grossly inefficient, especially in light of the plaintiff's current maximum recovery of $3,240.

Case law instructs that requiring experts to testify at two trials is a factor supporting denial of the plaintiff's motion to bifurcate. See i.e. Marine Drilling Management Co. v. Scott, 2003 WL 133218 at 1 (E.D. La. Jan. 15, 2003); Cooper v. Nabors Offshore Inc., 2003 WL 2217237 at 1 (E.D. La. Sept. 9, 2003).

12. Maintenance is not due for the period where the seaman's disability is excluded because of his unreasonable refusal to accept treatment. Cargo Ships & Tankers, Inc. v. McDonald, 435 S.W.2d 866, 1970 A.M.C. 245 (Tx. App. 1969). Considering the plaintiff's serial failure to attend scheduled medical appointments, it is anticipated that this issue will also require expert testimony. The defendants respectfully assert that this is further evidence of economic inefficiency, especially in light of plaintiff's current maximum claim of $3,240.

13. Maintenance is not due for periods where a seaman is incarcerated. Considering the outstanding bench warrant, the defendants respectfully assert that the plaintiff is not entitled to any maintenance.

14. The defendants respectfully assert that it should be entitled to reasonable discovery on the controverted issues and respectfully prays that this Honorable Court allow for discovery on the issues prior to trial and that the Motion for Bifurcated Trial be denied.

Dated: 3 July 2007

Respectfully submitted,
By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, RI #5677

HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook__murphy@msn.com

**Certificate of Service**

I hereby certify that on July 3, 2007, I electronically filed Defendants' Opposition to Plaintiff's Bifurcation Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Merlyn O'Keefe, Merlyn P. O'Keefe, LLC, 238 Robinson Street, Wakefield, RI 02879.

/s/ Seth S. Holbrook________
Seth S. Holbrook, RI# 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151