**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **GUY WICHERT**<br>**Plaintiff,**<br><br>**vs.**<br><br>**DEEP SEA FISH OF RHODE ISLAND, INC.**<br>**Defendant**<br><br>**and**<br><br>**SILHOUETTE TRAWLERS, INC.**<br>**Defendant** | **C.A. NO.: 2007-136-S-DLM** |

**DEFENDANTS' WRITTEN STATEMENT**

NOW COME the defendants, in the above captioned matter, by and through their undersigned attorneys and respectfully submit their Written Statement enumerating the elements that must be proved to sustain such claim, together with citations to the relevant authorities upon which counsel relies.

Pursuant to this Honorable Court's Order of June 29, 2007, each party asserting a claim (including a counterclaim and/or cross claim) shall file a written statement enumerating the elements of the claim. The defendants herein have denied all substantive liability allegations asserted against them. However, they have not filed a claim (including a counterclaim or cross claim) and as such, pursuant to this Honorable Court's Order, they are not obligated to file a statement in advance of the pretrial conference which is scheduled for August 1, 2007. Nonetheless, the defendants herein respectfully take this opportunity to file this statement identifying and enumerating certain legal elements, along with citation to authority.

The plaintiff has filed a fairly typical tripartite complaint against the defendants that includes claims for: 1) negligence under the Jones Act, 46 U.S.C. § 688; 2) Breach of the Warranty of Seaworthiness under the general maritime law; and, 3) the seaman's maintenance and cure, under the general maritime law. The plaintiff also claims he is entitled to punitive damages and attorneys' fees for the defendant's alleged failure to pay maintenance and cure.

**Jones Act Negligence**

Under the Jones Act, seamen are afforded rights parallel to railway employees under the Federal Employers' Liability Act ("FELA"). 46 U.S.C. § 688. Section 51 of the FELA provides in pertinent part that "[e]very common carrier by railroad …shall be liable in damages …for injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier." 45 U.S.C. § 51.

Therefore, a seaman is entitled to recover under the Jones Act, if he is able to prove, by a fair preponderance of the credible evidence, that his employer's negligence is the cause, in whole or in part, of his injury.

The statutory phrase, "in whole or in part" modifies only the causation prong of the Jones Act inquiry. The phrase does not modify the word "negligence." Thus, the duty of care owed by the employer, under normal rules of statutory construction, retains the usual and familiar definition of ordinary prudence, and not a higher standard. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997).

The Jones Act requires a vessel owner to exercise reasonable care in providing a seaman with a reasonably safe place to work. This standard of reasonable fitness is necessarily flexible. An employer must have notice and an opportunity to correct an unsafe condition before liability

attaches. See Saleh v. U.S., 849 F.Supp. 886 (S.D.N.Y. 1994); see also Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989).

**Unseaworthiness Under the General Maritime Law**

The plaintiff has the burden of proving by a fair preponderance of the credible evidence, that an unseaworthy condition of the ship proximately caused his injury. To be considered seaworthy, the vessel must be reasonably fit for its intended purpose. The standard is not perfection, but reasonable fitness for the intended service. Mahnich v. Southern S.S. Co., 321 U.S. 96 (1944). "[T]he mere fact that a seaman is injured in an accident on the vessel is not sufficient, in and of itself, to establish unseaworthiness and consequent liability. The owner does not have to provide an accident-free vessel. It has a duty only to furnish a vessel and appurtenances reasonably fit for their intended use." Thorton v. Deep Boats, Inc., 399 F.Supp. 933, 936 (S.D. Al. 1975).

The standard of causation in an unseaworthiness claim is stricter than for a Jones Act claim of negligence. Causation in unseaworthiness requires a showing of proximate cause in the traditional sense. Comeaux v. T.L. James & Co., 702 F.2d 1023 (5th Cir. 1983).

***A. Contributory Negligence***

Under the Jones Act and general maritime law , a seaman has a duty to use reasonable care for his own safety. This involves use of his own experience, training and education. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, (5th Cir. 1997); Thezan v. Maritime Overseas Corp., 708 F.2d 175 (5th Cir. 1983).

Typically, the plaintiff's contributory negligence will not bar his recovery. Instead his damages will be reduced by the proportion of his contributory negligence. Villers Seafood Co. v. Vest, 813 F.2d 339 (11th Cir. 1987). However, a seaman will be barred from any recovery,

where the condition causing his injury was caused solely by the plaintiff's negligence or breach of his "primary duty" to maintain a safe ship. Walker v. Lykes Brothers S.S. Co., 193 F.2d 772 (11th Cir. 1952).

**Maintenance and Cure**

A seaman has the burden of proving that his injury occurred while in the service of the vessel. A seaman who is injured while in the service of the vessel is entitled to maintenance and cure until the point of maximum cure. Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 1000 (1962).

With regard to maintenance, a seaman is entitled to his actual reasonable expenses in obtaining room and board ashore, equivalent to the quality he received aboard the vessel. McWilliams v. Texaco Inc., 781 F.2d 514 (5th Cir. 1986). The seaman bears the burden of proving the value of his maintenance and, in an exception to the collateral source rule, the seaman must actually incur the expenses. United States v. Johnson, 160 F.2d 789 (9th Cir. 1947).

**Punitive Damages**

Even if the plaintiff were able to prove a willful denial of maintenance and cure, which is explicitly and vigorously denied, this alleged conduct cannot justify an award of punitive damages. Under the United States Supreme Court's analysis prescribed in Miles v. Apex Marine Corp., an admiralty court may not extend the remedies available under general maritime law beyond what is cognizable under the congressionally mandated statutory scheme of the Jones Act. 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The Jones Act does not provide for punitive damages, and therefore, the same cause of action under the general maritime law for the alleged failure to pay maintenance and cure cannot provide punitive recovery, even if willfulness is demonstrated. Guevara v. Maritime Overseas Corp., 59 F.3d 1495 (9th Cir. 1995); Glynn v.

Roy Al Boat Management Corp., 57 F.3d 1495 (9th Cir. 1995); Horsley v. Mobil Oil Corp., 825 F.Supp. 424 (D. Mass. 1993); Clancy v. Mobil Oil Corp., 906 F.Supp. 42, 1996 A.MC. 272 (D. Mass. 1995).

Respectfully submitted,
By their attorneys,

Attorney for the Defendant,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

/s/ Robert J. Murphy
Robert J. Murphy, *pro hac vice*
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on July 30, 2007, I electronically filed the Defendant's Written Statement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Merlyn O'Keefe, Merlyn P. O'Keefe, LLC, 238 Robinson Street, Wakefield, RI 02879.

/s/ Seth S. Holbrook
Seth S. Holbrook, RI# 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151