UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUY WICHERT, PLAINTIFF, | : | |
| v. | : | CA 07-136 S |
| | : | |
| DEEP SEA FISH OF RHODE ISLAND, INC., and SILHOUETTE TRAWLERS, INC., Defendants. | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLANITIFF GUY WICHERT'S APPEAL

Word that the payment of maintenance is almost automatic <u>In Re Petition of RJF International Corporation For Exoneration</u> 261 F.Supp 2d 101(D.R.I. 2003),and is at the level of actual expenditures Smith v U.S. 943 F Supp 159(D.R.I. 1996),unless they amount to a mere pittance and in that case it is to be set at the level of shipboard equivalents. <u>McWilliams v Texaco, Inc</u> 781 F2d 514(5th Cir.1986) has fallen on the deaf ears of Sunderland Marine Mutual Insurance Company, Limited("Sunderland") the defendant's insurer and checkwriter. Both Sunderland and undersigned counsel were involved in two previous cases where sitting Article III judges ordered separate and immediate bench trials on those plaintiffs' motions and did so readily.

No Plaintiff was or is covered by a Collective Bargaining Agreement.

Those motions were prompted,as is this, by Sunderland's baseless and, by now, bad faith position that the rate of maintenance is $15.00 a day and hides behind the vessel owner who stands in the line of fire. In the more recent of these cases, Riberdy v F/V Debbie Sue C.A. No. 02-89-ML, Chief Judge Lisi granted Plaintiff's motion and, as the hearing was about to start, the case was settled at $30.00 per diem. In Richard Ronan v LNA Inc C.A. No.91-256 L, Senior Judge Lagueux convened a bench trial limited to the rate of maintenance and, at a time when the cost of living was clearly cheaper, entered his judgment that the adequate rate for that seaman was $25.00 per diem.

The departure of Magistrate Judge Martin, an Article I judge from two Article III judge's resolution of the same question of law judge is clearly erroneous and merits immediate reversal. The decision of Judge Magistrate Martin is patently at odds with the doctrine of stare decisis. In the hierarchical system of the federal courts, that doctrine renders the ruling of law in a previous case binding on future cases before the same court or other courts owing obedience to the decision. Gately v Massachusetts 2 F 3d 1221,1226(1st Cir 1993) Indeed, the cases relied upon by the Magistrate Judge to impose a judicial economy analysis run afoul of stare decisis as

well, being in the Fifth Circuit which is the source of the prime authority your plaintiff advances: Tate v American Tugs, Inc 634 F2d 869,871 (5th Cir 1981).That court made no mention of judicial economy and issued a simple,straight forward holding "The seaman may have a prompt trial of the maintenance claim by the court if he chooses."

Since the vessel owner is currently paying maintenance, Plaintiff need not and never intended to call a physician-the expense would be prohibitive to do so. The only witnesses Plaintiff currently intends to call are the Plaintiff himself, who will set a new standard of bad bookkeeping, and Jean Boyassou, his close friend, landlord and owner of the house he has lived in for many years and, perhaps, the manager of a rooming house akin to a seamen's bethel to give another view of the value of maintenance. On Plaintiff's part, it will be an extremely short hearing and quite probably take less judicial time than it took Magistrate Judge Martin to research and write the instant six page Memorandum and Order. While Plaintiff can quickly prepare for trial on this issue and unfortunately may be required to do so even though the Supreme Court purposely made the rules simple and straightforward to avoid litigation Calmar Steamship Co. v Taylor 303 US 525 ((1938) ,it is no remedy to roll the maintenance claim into the trial of the

other more complex issues of liabilty under the Jones Act 46 USC 688 and the Warranty of Seaworthiness which involve far more complex and expensive proofs and more time to develop them.

While it is, of course, true as Magistrate Judge Martin noted in his decision that the vessel owner, or to be precise, its counsel requested time to work towards a settlement of this one issue and Plaintiff counsel agreed, it appears that Sunderland refused to authorize these negotiations and ,despite several requests for an increase, the vessel owner deliberately chose to wait and see how Magistrate Martin would rule and never entered negotiations and never offered a ha'penny more than the $15.00.

The ramifications for injured seamen on Sunderland insured boats ,and Sunderland has for years appeared to be the dominant insurer of fishing boats in Point Judith, if not New England, are profound given their past practice of giving advances to unrepresented seamen who stay unrepresented on top of the $15.00 a day they claim to be the rate. The obvious goal is to keep the unrepresented seaman in the fold and to settle directly with him for less than the fair market value of the Jones Act and Breach of Warranty issues at the end of the day and further to send a message to the other

seamen that once they are represented they will be unable to support themselves as they convalesce.

Maintenance is a humanitarian doctrine and for its mandate to be fulfilled it must be adequate and immediate and the Magistrate Judge's failure to provide a remedy is clearly erroneous.

Respectfully Submitted
For Plaintiff Guy Wichert By His Attorney

/S/ Merlyn P. O'Keefe

Merlyn O'Keefe,Esquire #2439
238 Robinson Street
Wakefield,Rhode Island 02879
401 789-4850(p)401 789 1757(f)

CERTIFICATION

I hereby certify I mailed a copy of the within Memorandum of Points and Authorities in Support of Plaintiff Guy Wichert's Appeal to Robert Murphy, Esquire at his usual address this 27th day of October 2007