**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GUY WICHERT**<br>**Plaintiff,**<br><br>**vs.**<br><br>**DEEP SEA FISH OF RHODE ISLAND, INC.**<br>**Defendant**<br><br>**and**<br><br>**SILHOUETTE TRAWLERS, INC.**<br>**Defendant** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | **C.A. NO.: 2007-136-S-DLM** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE MARTIN'S ORDER DENYING MOTION TO BIFURCATE**

NOW COME the defendants, in the above captioned matter, by and through their undersigned attorneys and respectfully oppose the Plaintiff's Appeal of Magistrate Judge Martin's Order Denying Motion to Bifurcate and for an immediate trial on the issue of the daily rate of maintenance. In support herewith, the defendants state the following:

1. FED. R. CIV. P. 72(a), addresses a Magistrate Judge's pretrial order of non-dispositive matters whereby a party may object to the Magistrate Judge's order and "[t]he district judge to whom case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law*" (italics added). FED. R. CIV. P. 72(a). *See* Heuser v. Johnson, 189 F. Supp. 2d 1250, 1257 (D.N.M. 2001) (denial of motion to enforce subpoena subject to review only for clear error, even if based solely on interpretation of amended federal rule); PayPhone LLC v. Brooks Fiber Communications, 126 F. Supp. 2d 175, 178 (D.R.I

2001) (motion to remand is nondispositve, so that magistrate judge's decision is reviewed under clearly erroneous standard); Stetz v. Reeher Enters., 70 F. Supp. 2d 119, 120 (N.D.N.Y 1999) (orders granting leave to amend are nondipositive because they do not remove claims or defenses of party, so that order would be reviewed only for clear error); Federal Election Comm'n v. Christian Coalition, 178 F.R.D. 456, 459-460 (E.D. Va. 1998) (because discovery order was not dispositive, review limited to clear error); Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Se., Inc., 174 F.R.D. 572, 584-585 (D.N.J. 1997) (magistrate's order on discovery issue subject to review only for clear error).

2. Magistrate Judge Martin's denial of the plaintiff's Motion to Bifurcate and for an immediate trial on the issue of the daily rate of maintenance is a non-dispositive motion because denial of the motion does not provide a final resolution in this case.

3. In his Memorandum of Points and Authorities in Support of Plaintiff Guy Wichert's Appeal, the plaintiff alleges that, "[t]he departure of Magistrate Judge Martin, an Article I judge from two Article II judge's resolution of the same question of law judge is clearly erroneous and merits immediate reversal." (*See* Plaintiff's Memorandum, Page 2, ¶2). However, Magistrate Judge Martin's decision was neither "clearly erroneous or contrary to law" as required by FED. R. CIV. P. 72(a). Judge Martin appropriately weighed the required factors in order to determine whether to sever a maintenance and cure claim as set forth in Cooper v. Nabors Offshore, Inc., 2003 WL 2217237 at 1 (E.D. La. Sept. 9, 2003). Such factors include: the plaintiff's interest in an expedited trial of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial and whether the nonmoving party opposes the motion. Id. at 1.

4. In opposing the plaintiff's Motion for Bifurcation, the defendants set forth substantial evidence that weighed against bifurcation, including:

(a) the plaintiff did not seek immediate medical attention following his alleged incident aboard the vessel, but rather only attended at the hospital due to an opiate overdose where he then complained of chest pain and not back pain.

(b) despite the plaintiff's claim of continuing back problems, he has failed and refused to appear for numerous medical appointments;

(c) the plaintiff has suffered from significant preexisting back and chest injuries;

(d) the plaintiff is a fugitive from justice;

(e) the plaintiff's maximum claim of maintenance is for $3,240;

(f) the plaintiff's claim for maintenance is so intertwined with his Jones Act and general seaworthiness claims so much that it would be a poor utilization of judicial resources and time to bifurcate the trial;

(g) both trials would require testimony from the same doctor; and

(h) the plaintiff has requested a jury trial.

5. In weighing the above considerations, Magistrate Judge Martin's decision was in no way "clearly erroneous or contrary to law" as declared by the plaintiff in his Appeal. In fact, the Magistrate weighed the above factors in accordance with the evidence provided by the defendants with support of applicable case law.

6. Plaintiff inappropriately relies on Riberdy v. F/V DEBBIE SUE, C.A No. 02-89-ML and Richard Ronan v. LNA Inc., C.A. No. 91-256-L, as *stare decisis* and precedent. Although Riberdy and Ronan may have resulted in favorable outcomes for the

plaintiffs, the result was arrived at by applying the required factors of the above balancing test. Each case provides different factors to be weighed in such a balancing test, because the facts and circumstances are specific to the incident of each case. Because this balancing test depends on specific facts, no precedent can be concluded from past cases finding in favor of bifurcation. To call Riberdy and Ronan precedent and to accuse the Magistrate Judge of being "at odds with the doctrine of *stare decisis*" is misleading at best. While the plaintiff has styled his appeal as necessary to cure legal error, in actuality he is asking this Honorable Court to re-weigh and re-balance the factors appropriately considered by Judge Martin. This sort of second guessing is not permitted under FED. R. CIV. P. 72(a).

7. The defendants respectfully pray that this Honorable Court deny the plaintiff's Appeal of Magistrate Judge Martin's Denial of Plaintiff's Motion to Bifurcate.

Dated: 13 November 2007

Respectfully submitted,
By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, RI #5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook__murphy@msn.com

/s/ Robert J. Murphy
Robert J. Murphy, *pro hac vice*
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on November 13, 2007, I electronically filed DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE MARTIN'S ORDER DENYING MOTION TO BIFURCATE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Merlyn O'Keefe, Merlyn P. O'Keefe, LLC, 238 Robinson Street, Wakefield, RI 02879.

/s/ Seth S. Holbrook

Seth S. Holbrook, RI# 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151