UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GUY WICHERT
Plaintiff,

Vs.

DEEP SEA FISH OF RHODE ISLAND, INC C.A. NO.: 2007-136-S-DLM
Defendant

And

SILHOUETTE TRAWLERS, INC.
Defendant

Pretrial Memorandum of Plaintiff Guy Wichert

4(a) I*- Witnesses

Mr. Wichert expects to prove that the vessel owner violated both the Jones Act and breached the warranty of seaworthiness and its obligation to pay maintenance and cure under the General Maritime Law when he was struck in the back by a cleat which was ripped off an upright in an inappropriate towing operation.

In support of his case, the Mr. Wichert is expected to call

A. **Fred Mattera** is the principal of the owner of a similar fishing vessel and the last previous employer. He is expected to testify Mr. Wichert was an able hand and earned his full share—something a non healthy deckhand would not do. On fishing trip's Mr. Wichert took in October and November he made $7, 519.50.

B. **Guy Wichert** will testify as to his being hit in the back by a cleat under load and how that has changed his life.

C. **Rene Archambault** will testify that this was the first trip he ever took any boat as captain and that Mr. Wichert was an able hand and that while

he did not see the cleat hit Mr. Wichert, he saw the marks on his back immediately afterward.

D. **John Mottola** is expected to testify he saw the cleat part and hit Mr. Wichert in the back and that Mr. Crooker and he were driving Mr. Wichert to Kent County Hospital when he had a drug reaction.

E. **Ron Crooker** who is currently serving time on an unrelated state charge is expected to say he saw the cleat part, that it grazed him and then hit Mr. Wichert. He will testify he and Mr. Motolla were driving Mr. Wichert to Kent County Hospital to attend to his back when he had a drug reaction.

F. **Anthony Edwards** will testify as an expert in keeping with his attached report that the towing operation was negligent and the vessel unseaworthy due to a green and inexperienced crew. (Please see attached).

G. **Keeper records of Martin Kerzer, D.O**. was the physician who first attended to Mr. Wichert.

H. **Keeper of Records of Kent County Memorial Hospital** will sponsor Emergency Room Report and M.R.I.'s.

I. **Keeper of Records Matthew Smith, M.D.**

J**. Keeper of Records of Physical Therapist's** will establish the large number of appointments Mr. Wichert attended.

K. **Keeper of Records of Prabkhar Sampath, M.D.** will sponsor reports establishing injury was caused aboard boat and that surgery is needed.

4 (b) Supporting Law

This case prevents the usual trident of claims available to a seaman who is injured in the course of his employment in the service of the vessel. The Jones Act and Breach of Warranty are for a serious injury but, that being said, are otherwise run of the mill. However, the maintenance and cure claim presents an unusual twist in that a contingent settlement was brokered through the Herculean efforts and endless patience of the Honorable Robert Lovegreen and reduced to writing on 14 February 2008. (Please see attached)

Pursuant to that agreement, the Silhouette Trawlers, Inc. in consideration of $4000 which it paid was off the hook for further maintenance and cure unless Mr. Wichert was scheduled for back surgery referable to the incident within ninety days of the signing of the agreement. In such an instance, Mr. Wichert could revive his claim for maintenance and cure. Although Mr. Wichert did in fact present the requisite documentation, and surgery was scheduled for 8 May 2008, Silhouette Trawlers, Inc. has refused to authorize the surgery or reinstate maintenance payments (Please see attached reports of Prabkhar Sampath, M.D.). Most obviously, Mr. Wichert seeking punitive damages and attorney's fees for thy callous, willful and recalcitrant withholding of maintenance and cure. Robinson v. Pocahontas, 477 F2d1048 (1st Cir 1973) and In Re RJF International Corporation 261 F Supp 2d 101 (D.R.I. 2003) Mr. Wichert's condition continues to decline and he to suffer which gives me to an independent cause of action under the Jones Act Morales v. Garicik 89 F2d 1355 (5th Cir 1987).

The Jones Act tine is more typical. Under this statute, an employer is liable to an injured seaman if its conduct played any role, however slight, in causing the Seaman's

injuries. Rogers v. Missouri and Pacific 352 U.S. 500, 506 (1957). In this circuit, this burden has been recognized as "featherweight" Ferrara v. A.V. Fisheries 99 F3d 449 (1st Cir 1996). Indeed, medical testimony that provides no more than a possible link is enough to reach the jury. Sentilles v. Inter-Caribbean Shipping Corporation 361 U.S. 107 (1959).

The beach of warranty of seaworthiness is likewise typical, under this general maritime law principal, "a vessel owner has an absolute duty to provide a vessel and appurtenances reasonably fit for their intended use." Hubbard v. Faros Fisheries, Inc. 626 F2d 196,199 (1st Cir______).

In contrast, in a breach of warranty claim, "It is sufficient to sustain the jury's verdict that there was some evidence that the unseaworthy condition was a direct and substantial cause of [a seaman's] ultimately disabling injury." Id

4(c) Exibits

1. Maintenance and Cure Agreement as dated 14 February 2008.
2. Correspondence of Prabkhar Sampath ( 3 pieces) as dated 21 April 2008.
3. Settlement sheets of Travis and Natalie.
4. Settlement Sheet of Huntress I
5. Reports of:
    a. Kent County Memorial Hospital
    b. Martin Kerzer, D.O.
    c. Matthew Smith, M.D. will sponsor this physciatrist's reports.
    d. Physical therapy providers:

1. Elite Physical Therapy

2. Raffa Nuero Muscular Treatment Center

e. Prabkhar Sampath, M.D.

f. M.R.I. reports

6. Expert report of Anthony Edward as dated 31 May 2008.

4(d)

Mr. Wichert does not anticipate filing separate motions in limine but will vigorously object to defendants unmistakably clear trial plan to bash the Mr. Wichert beyond impeaching him with any conviction that meets the stringent standards of F.R.E 609 by putting on evidence of historical drug abuse and historical back issues. As to historical drug use, such as it is, it is barred by F.R.E. 609 (b) and as to historical back issues such as they are, they are not admissible. Although defendant filed no discovery, Plaintiff advised it of a post claim auto accident, however, that having been discounted by Doctor Sampath, it is inadmissible.In the acsence of medical testimony apportioning the two incidents. Stevens v. Bangor and Aroostook R.R.Co. 97 F3d 594(1st Cir1996).Judicial interpretations of F.E.L.A. apply to Jones Act cases. Kernan v. American Dredging 355 U.S. 426 (1958). To this date, Silhouette Trawlers, Inc. has not listed either a liability or medical expert and cannot be allowed to cross examine a witness on a point unless he has affirmative evidence on that same point under the common law.

4(e) 1. Jury Instructions and 2. Special Verdict forms.

These instructions are taken verbatim from the website of the Honorable Brock Hornsby of the U.S. District Court of Maine, www.uscourts.gov/practices/marittime%20employee%20personal%20injury.pdf except as otherwise set out as bold type.

**2.1 Maintenance and Cure** Mr. Wichert is entitled to maintenance and cure if [he/she] was a seaman disabled by injury or illness while in the service of [the vessel]. Mr. Wichert is entitled to maintenance and cure even if Silhouette Trawlers, Inc. was not negligent and [the vessel] was not unseaworthy. [This claim is separate from [his/her] Jones Act and unseaworthiness claims.] Neither maintenance nor cure may be reduced because of any negligence on the part of Mr. Wichert . In order to prevail on [his/her] maintenance and cure claim, Mr. Wichert must establish, by a preponderance of the evidence: First, that [he/she] was a seaman employed by Silhouette Trawlers, Inc. ; Second, that [he/she] was injured or became ill while in the service of a vessel; and Third, the amount of maintenance and cure to which [he/she] was entitled. [Insert Jones Act instructions defining "seaman" and "vessel in navigation" as appropriate.] "Maintenance" is the reasonable cost of food and lodging. Mr. Wichert is not entitled to maintenance while hospitalized because hospitalization includes food and lodging. "Cure" is the reasonable cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines, medical apparatus and transportation to and from a medical facility. Mr. Wichert need only show an injury or illness while in the service of the vessel. It need not be work-related as long as it occurs while in the service of the vessel. Mr. Wichert is entitled to receive maintenance and cure from the date of [his/her] departure from the vessel to the time of "maximum possible cure" under the circumstances. Maximum possible cure is the point at which no further improvement in Mr.

Wichert "s condition may be reasonably expected. If you make an award for past maintenance and/or cure, it is within your discretion to award interest to Mr. Wichert from the time when those amounts should have been paid until today, and add that to whatever you may award. [There can be no double recovery for Mr. Wichert . You may not award Mr. Wichert maintenance or cure for costs and expenses that Mr. Wichert did not personally incur. Costs and expenses paid by the employer or some third party are not recoverable. If you find that Mr. Wichert is entitled to an award of damages under the Jones Act or under the unseaworthiness claim, and if you include medical expenses in the damage award, then cure cannot be awarded for the same period of time. Maintenance, however, is independent of any wage recovery you may have awarded.]

**1.1 Jones Act, 46** In order to prevail on [his/her] claim under the Jones Act, Mr. Wichert must establish each of the following things by a preponderance of the evidence: First, that at the time of [his/her] injury [he/she] was acting in the course of [his/her] employment as a seaman employed by Silhouette Trawlers, Inc. ; Second, that Silhouette Trawlers, Inc. was negligent; and Third, that Silhouette Trawlers, Inc. "s negligence was a legal cause of the injury sustained by Mr. Wichert . To be a "seaman," Mr. Wichert must have been a worker whose duties contributed to the function of a vessel or to the accomplishment of its mission; and, in addition, must have had a connection to a vessel in navigation—a connection that was substantial in terms of both its duration and its nature. The Jones Act is intended to protect sea-based maritime workers who owe their allegiance to a vessel and are regularly exposed to the perils of the sea **and imposes a duty on the employer to provide its employees a reasonably safe place to work <u>Ivy</u> v. <u>Security Barges</u> 585 F2d 732 (5th Cir 1979).** The Jones Act is not intended to protect land-based employees. The phrase "vessel in navigation" means any boat, ship, barge or other thing used primarily for the transportation of cargo, equipment or persons across navigable waters. The phrase "vessel in navigation" also includes anything that was actually in navigation at the time of Mr. Wichert "s injury, even though its primary purpose was not navigation or commerce across navigable waters. "Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person [or corporation] would use under similar circumstances to prevent reasonably foreseeable harm. To find negligence, you must find that harm was reasonably foreseeable. Negligence may consist either in doing something that a reasonably careful person [or corporation] would not do under similar circumstances, or in failing to do something that a reasonably careful person [or corporation] would do under similar circumstances. The fact that an accident may have happened does not alone permit you to

infer that it was caused by negligence; the employer does not guarantee a seaman's "safety. For purposes of a Jones Act claim, negligence is a "legal" cause of injury if it plays any part, no matter how small, in bringing about or actually causing the injury. So, if you should find from the evidence that negligence of Silhouette Trawlers, Inc., **its officers, agents, or employees. Engle v. Davenport 271 U.S. 33 (1926)** contributed in any way toward any injury suffered by Mr. Wichert , then Mr. Wichert's "injury was legally caused by Silhouette Trawlers, Inc.'s "negligence. Negligence may be a legal cause of injury even though it operates in combination with the act of another, some natural cause, or some other cause. If a preponderance of the evidence does not support Mr. Wichert's "claim that Silhouette Trawlers, Inc.'s "negligence legally caused [his/her] injury, then your verdict will be for Silhouette Trawlers, Inc.

****

**DAMAGES**

I am now going to instruct you on damages in the event you should reach that issue. The fact that I instruct you on damages does not indicate any view by me that you should or should not find for Mr. Wichert on liability. Mr. Wichert bears the burden of proof to show both the existence and the amount of [his/her] damages by a preponderance of the evidence. But this does not mean that [he/she] must prove the precise amount of [his/her] damages to a mathematical certainty. What it means is that [he/she] must satisfy you as to the amount of damages that is fair, just and reasonable under all the circumstances. Damages must not be enlarged so as to constitute either a gift or a windfall to Mr. Wichert or a punishment or penalty to Silhouette Trawlers, Inc. . The only purpose of damages is to award reasonable compensation. You must not award speculative damages, that is, damages for future losses that, although they may be possible, are wholly remote or conjectural. If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages. It is the duty of one who is injured to exercise reasonable care to reduce or mitigate the damages resulting from the injury—in other words, to take such steps as are reasonable and prudent to alleviate the injury or to seek out or take advantage of a business or employment opportunity that was reasonably available to [him/her] under all the circumstances shown by the evidence. On this issue of mitigation the burden of proof is on Silhouette Trawlers, Inc. to show by a preponderance of the evidence that Mr. Wichert has failed to mitigate damages. You shall not award any damages to Mr. Wichert that you find [he/she] could reasonably have avoided.

[If you find that Mr. Wichert had a pre-existing **or post** condition that made [him/her] more susceptible to injury than a person in good health, Silhouette Trawlers, Inc. is responsible for the injuries suffered by the Plaintiff.

Mr. Wichert as a result of Silhouette Trawlers, Inc. "s negligence even if those injuries are greater than a person in good health would have suffered under the same circumstances.] [Silhouette Trawlers, Inc. is not liable for Mr. Wichert "s pain or impairment caused by a pre-existing condition. But if you find that Silhouette Trawlers, Inc. negligently caused further injury or aggravation to a pre-existing **or post** condition, Mr. Wichert is entitled to compensation for that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by Silhouette Trawlers, Inc. "s negligence, then Silhouette Trawlers, Inc. is liable for all Mr. Wichert "s injuries.] The elements of damage may include: 1. Reasonable Medical Expenses. The parties have stipulated that reasonable medical expenses amount to $____________. 2. Lost Wages and Earning Power. You may award Mr. Wichert a sum to compensate [him/her] for income that [he/she] has lost, plus a sum to compensate [him/her] for any loss of earning power that you find from the evidence [he/she] will probably suffer in the future, as a result of Silhouette Trawlers, Inc. "s negligence. In determining the amount of future loss, you should compare what Mr. Wichert "s health, physical ability and earning power were before the accident with what they are now; the nature and severity of [his/her] injuries; the expected duration of [his/her] injuries; and the extent to which [his/her] condition may improve or deteriorate in the future. The objective is to determine the injuries" effect, if any, on future earning capacity, and the present value of any loss of future earning power that you find Mr. Wichert will probably suffer in the future. In that connection, you should consider Mr. Wichert "s work life expectancy, taking into account [his/her] occupation, [his/her] habits, [his/her] past health record, [his/her] state of health at the time of the accident and [his/her] employment history. Work life expectancy is that period of time that you expect Mr. Wichert would have

continued to work, given [his/her] age, health, occupation and education. If you should find that the evidence establishes a reasonable likelihood of a loss of future earnings, you will then have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead. **[**You have heard testimony concerning the likelihood of future inflation and what rate of interest any lump sum could return. In determining the present lump sum value of any future earnings you conclude Mr. Wichert has lost, you should consider only a rate of interest based on the best and safest investments, not the general stock market, and you may set off against it a reasonable rate of inflation.**]**

3. Pain and Suffering and Mental Anguish. You may award a sum to compensate Mr. Wichert reasonably for any pain, suffering, mental anguish and loss of enjoyment of life that you find Silhouette Trawlers, Inc. "s negligence has caused [him/her] to suffer and will probably cause [him/her] to suffer in the future. Even though it is obviously difficult to establish a standard of

measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties.

**3.1 Unseaworthiness** In order to prevail on [his/her] unseaworthiness claim, Mr. Wichert must establish each of the following things by a preponderance of the evidence: First, that [he/she] was a seaman on Silhouette Trawlers, Inc. "s vessel; Second, that [the vessel] was

unseaworthy; and Third, that its unseaworthy condition was a legal cause of the injury sustained by Mr. Wichert . [Add definitions from Jones Act instruction regarding "seaman" and "vessel in navigation" as appropriate.] A claim of "unseaworthiness" is a claim that the owner of [the vessel] did not fulfill [his/her/its] legal duty to members of the crew to provide a vessel reasonably fit for its intended purpose. The owner‟s duty under the law to provide a seaworthy ship is absolute. The owner may not delegate the duty to anyone. If the owner did not provide a seaworthy vessel, then no amount of due care or prudence excuses it, whether [he/she/it] knew or could have known of the deficiency. If, therefore, you find that [the vessel] was not reasonably fit for its intended purpose, and that such condition was a legal cause of the injury to Mr. Wichert , then you may find that [the vessel] was unseaworthy and Silhouette Trawlers, Inc. liable, without any reference to the issue of negligence of Silhouette Trawlers, Inc. or any of [his/her/its] employees. The vessel owner‟s duty includes maintaining the vessel and her equipment in a proper operating condition and can be breached by either temporary or permanent defects in the equipment. The owner of the vessel is not required, however, to furnish an accident-free vessel or one that will weather every peril of the sea. Instead, the vessel must be reasonably suitable for its intended purpose. A vessel is not called on to have the best appliances or equipment or the finest of crews, but only such gear as is reasonably proper and suitable for its intended use, and a crew that is reasonably competent and adequate. An unseaworthy condition is a "legal" cause of injury only if it directly and in natural and continuous sequence produces, and contributes substantially to producing such injury, so that it can reasonably be said that, except for the unseaworthy condition, the loss, injury or damage would not have occurred. [Unlike the Jones Act claim, with respect to which Mr. Wichert may recover if the alleged negligence is proved to be a slight cause of the injury sustained, in order to recover on a claim of

unseaworthiness Mr. Wichert must prove that the unseaworthy condition was a substantial cause of Mr. Wichert "s injury.] Unseaworthiness may be a legal cause of injury even though it operates in combination with the act of another, some natural cause or some other cause if the unseaworthiness contributes substantially to producing such injury.

If a preponderance of the evidence does not support Mr. Wichert "s claim that unseaworthiness legally caused [his/her] injury, then your verdict will be for Silhouette Trawlers, Inc.

****

**DAMAGES**

I am now going to instruct you on damages in the event you should reach that issue. The fact that I instruct you on damages does not indicate any view by me that you should or should not find for Mr. Wichert on liability. Mr. Wichert bears the burden of proof to show both the existence and the amount of [his/her] damages by a preponderance of the evidence. But this does not mean that [he/she] must prove the precise amount of [his/her] damages to a mathematical certainty. What it means is that [he/she] must satisfy you as to the amount of damages that is fair, just and reasonable under all the circumstances. Damages must not be enlarged so as to constitute either a gift or a windfall to Mr. Wichert or a punishment or penalty to Silhouette Trawlers, Inc. . The only purpose of damages is to award reasonable compensation. You must not award speculative damages, that is, damages for future losses that, although they may be possible, are wholly remote or conjectural. If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages.

It is the duty of one who is injured to exercise reasonable care to reduce or mitigate the damages resulting from the injury—in other words, to take such steps as are reasonable and prudent to alleviate the injury or to seek out or take advantage of a business or employment opportunity that was reasonably available to [him/her] under all the circumstances shown by the evidence. On this issue of mitigation the burden of proof is on Silhouette Trawlers, Inc. to show by a preponderance of the evidence that Mr. Wichert has failed to mitigate damages. You shall not award any damages to Mr. Wichert that you find [he/she] could reasonably have avoided. [If you find that Mr. Wichert had a pre-existing condition that made [him/her] more susceptible to injury than a person in good health, Silhouette Trawlers, Inc. is responsible for the injuries suffered by Mr. Wichert as a result of Silhouette Trawlers, Inc. "s negligence even if those injuries are greater than a person in good health would have suffered under the same circumstances.] [Silhouette Trawlers, Inc. is not liable for Mr. Wichert "s pain or impairment caused by a pre-existing condition. But if you find that Silhouette Trawlers, Inc. negligently caused further injury or aggravation to a pre-existing condition, Mr. Wichert is entitled to compensation for that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by Silhouette Trawlers, Inc. "s negligence, then Silhouette Trawlers, Inc. is liable for all Mr. Wichert "s injuries.] The elements of damage may include: 1. Reasonable Medical Expenses. The parties have stipulated that reasonable medical expenses amount to $____________. 2. Lost Wages and Earning Power. You may award Mr. Wichert a sum to compensate [him/her] for income that [he/she] has lost, plus a sum to compensate [him/her] for any loss of earning power that you find from the evidence [he/she] will probably suffer in the future, as a result of [the vessel]"s unseaworthiness. In determining the amount of future loss, you should compare what Mr. Wichert "s health, physical ability and earning power

were before the accident with what they are now; the nature and severity of [his/her] injuries; the expected duration of [his/her] injuries; and the extent to which [his/her] condition may improve or deteriorate in the future. The objective is to determine the injuries‟ effect, if any, on future earning capacity, and the present value of any loss of future earning power that you find Mr. Wichert will probably suffer in the future. In that connection, you should consider Mr. Wichert ‟s work life expectancy, taking into account [his/her] occupation, [his/her] habits, [his/her] past health record, [his/her] state of health at the time of the accident and [his/her] employment history. Work life expectancy is that period of time that you expect Mr. Wichert would have continued to work, given [his/her] age, health, occupation and education. If you should find that the evidence establishes a reasonable likelihood of a loss of future earnings, you will then have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

**[**You have heard testimony concerning the likelihood of future inflation and what rate of interest any lump sum could return. In determining the present lump sum value of any future earnings you conclude Mr. Wichert has lost, you should consider only a rate of interest based on the best and safest investments, not the general stock market, and you may set off against it a reasonable rate of inflation.**]** 3. Pain and Suffering and Mental Anguish. You may award a sum to compensate Mr. Wichert reasonably for any pain, suffering, mental anguish and loss of enjoyment of life that you find [the vessel]‟s unseaworthiness has caused [him/her] to suffer and will probably cause [him/her] to suffer in the future. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not

grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties. [4. Interest on Past Losses.]

4(e)2

Form Maintenance and Cure

**1. Do you find Mr. Wichert back was injury, or a prior injured aggravated in the service of the F/V Huntress I?**

**2. If your answer is yes, what amount of maintenance is he entitled to on a daily basis from 14 February 2008 until he reaches maximum medical care?**

**3. Do you find that Silhouette Trawlers' failure to provide Maintenance and Cure was unreasonable?**

**4. If yes, what amount of additional damages is fair compensation for the consequent pain and suffering, and to set an example to other boat owners as to what is reasonable versus unreasonable?**

**UNITED STATES DISTRICT COURT DISTRICT OF MAINE**

**FORM [Jones Act Claim]**

1. Do you find that Silhouette Trawlers, Inc. was negligent and that its negligence **played a role, however slight,** was a legal cause of Mr. Wichert "s injuries?

Yes ______ No ______

If your answer to Question #1 is "yes," proceed to Question #2. Otherwise, answer no further questions.

2. What are the total damages caused by the accident?
$____________________

****

**SPECIAL VERDICT FORM**
**[Unseaworthiness Claim]**

1. Do you find that the [vessel] was unseaworthy and that its unseaworthiness was a legal cause of Mr. Wichert "s injuries?

Yes ______ No ______

If your answer to Question #1 is "yes," proceed to Question #2. Otherwise, answer no further questions.

2. What are the total damages caused by the accident? $____________________ Proceed to Question #3.

****

4(f) Mr. Wichert's case should take no more than two days.

4 (g) The refusal of defendant to pre-authorize the surgery scheduled by Doctor Sampath on 8 May 2008 is standing alone a violation of its obligation to pay cure. Sullivan v. Tropical Tuna 963 F.Supp 2d32 (D. Ma 1997). However, in the context of this case, it puts plaintiff in a pickle. In effect, the defendant has successfully starved out Mr. Wichert. While it would be a clearer result for all if Mr. Wichert were to go to trial post surgery, he does not have the fiscal or physical strength to hold and it is a crying shame that the defendant is forcing him to trial before he reaches an end result.

Respectfully submitted
Plaintiff, Guy Wichert
By his Attorney,

Merlyn P. O'Keefe
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 Phone
(401) 789-1757 Fax
Ct. Reg. #2439

CERTIFICATION

I hereby Certify that I forwarded a copy of the within to Robert Murphy,Esquire, Holbrook and Murphy, 150 Federal Street, 12th floor, Boston MA 02110 by way of the court's e-filing system.