**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GUY WICHERT**<br>**Plaintiff,**<br><br>**vs.**<br><br>**DEEP SEA FISH OF RHODE ISLAND, INC.**<br>**Defendant**<br><br>**and**<br><br>**SILHOUETTE TRAWLERS, INC.**<br>**Defendant** | **)** | **C.A. NO.: 2007-136-S-DLM** |

DEFENDANT'S JURY REQUEST NO. 1

(Sympathy No Part of Deliberations)

Sympathy and emotion should play no part in your deliberations. You may not decide this case on the basis of the fact that you may feel sorry for the plaintiff or that you feel badly because he may have suffered an injury. Rather, your deliberations should be well-reasoned, impartial, and unemotional. You must decide this case by applying the principles of law, which the court defines for you, to the facts of this particular case, as you objectively find them to be.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §71.02 at 18 (1987).

DEFENDANT'S JURY REQUEST NO. 2

(Equality Under the Law)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation such as Deep Sea Fish and Silhouette Trawlers should be given the same fair and equal treatment as you would give to any individual. All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §71.04 at 21 (1987).

DEFENDANT'S JURY REQUEST NO. 3

(Accident Alone Creates No Inference of Negligence)

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.

A. Shapiro Realty Corp. v. Burgess Brothers, Inc., 491 F.2d 327 (1st Cir. 1974); Walther v. Omaha Public Power Dist., 412 F.2d 1164, 1170 (8th Cir. 1969); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §80.07 at 142 (4th ed. 1987).

DEFENDANT'S JURY REQUEST NO. 4

(Proof of Negligence Required Under Jones Act)

Under the Jones Act, the Plaintiff has the burden to establish by a preponderance of the evidence that Deep Sea Fish and Silhouette Trawlers acted "negligently" and that the negligent act(s)caused his injury. Proof of negligence is essential to recovery under the Jones Act. Negligence is the failure to act as an ordinarily prudent person would under like circumstances. If you find that Deep Sea Fish and Silhouette Trawlers acted with the ordinary prudence of a maritime employer, you will find that it did not act negligently and you will deny Plaintiff's Jones Act claim.

Ribitzki v. Canmar Reading & Bates, Ltd. Partnership, 111 F.3d 658, 662 (9th Cir. 1997); Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 338 (5th Cir. 1997); Joyce v. Atlantic Richfield Co., 651 F.2d 676, 681 (10th Cir. 1981).

DEFENDANT'S JURY REQUEST NO. 5

(No Duty to Provide Accident-Proof Workplace)

The Jones Act does not require Deep Sea Fish and Silhouette Trawlers provide the Plaintiff with an accident-proof place of work. The Plaintiff must prove by a preponderance of evidence that Deep Sea Fish and Silhouette Trawlers did not provide him with a reasonably safe place to work. If you find that the Plaintiff has not met this burden of proof, then you must find in favor of Deep Sea Fish and Silhouette Trawlers.

Campos v. Marine Transport Lines, Inc., 780 F.2d 165, 165-166 (1st Cir. 1986); Alrayashi v. Rouge Steel Co., 702 F. Supp. 1334, 1337 (E.D. Mich. 1989).

DEFENDANT'S JURY REQUEST NO. 6

(Standard of Care Owed a Seaman)

The Jones Act requires a shipowner to provide a seaman with a safe place to work and equipment that is "reasonably fit for safe performance of task at hand." This standard of safety and reasonable fitness is necessarily flexible. An employer must have notice and opportunity to correct an unsafe condition before liability attaches.

Saleh v. US, 849 F.Supp. 886 (S.D.N.Y. 1994); Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989).

DEFENDANT'S JURY REQUEST NO. 7

(Best Equipment or Method Not Required)

Under the Jones Act, Deep Sea Fish and Silhouette Trawlers's duty to the Plaintiff was not to supply the best and safest equipment but only to supply equipment which was reasonably safe and suitable. The fact that a better tool or better method might have been used by Deep Sea Fish and Silhouette Trawlers is not relevant; rather, the Plaintiff must prove by a preponderance of evidence that the equipment actually used by Deep Sea Fish and Silhouette Trawlers was unsafe or unsuitable.

Doucette v. Vincent, 194 F.2d 834, 837 (1st Cir. 1952); Rueberry v. United States, 93 F. Supp. 683, 685 (D. Mass. 1950).

DEFENDANT'S JURY REQUEST NO. 8

When a seaman has tools or well-known methods readily available to him which could safely perform a task, he has a duty to use them.

Robinson v. Zapata Corporation, 664 F.2d 45, 49 (5th Cir. 1981).

DEFENDANT'S JURY REQUEST NO. 9

(Plaintiff's Duty to Exercise Reasonable Care)

Under the Jones Act, a seaman has a duty to use reasonable care for his own safety. This involves use of his own experience, training or education.

Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 339 (5th Cir. 1997); Thezan v. Maritime Overseas Corp., 708 F.2d 175, 181 (5th Cir. 1983); Savoie v. Otto Candies, Inc., 692 F.2d 363, 371 (5th Cir. 1982); Santos v. Scindia Steam Navig Co., 598 F.2d 480, 485 (9th Cir. 1977).

DEFENDANT'S JURY REQUEST NO. 10

(Causation - Jones Act)

In order to recover against Deep Sea Fish and Silhouette Trawlers on the Jones Act claim, the Plaintiff must show that Deep Sea Fish and Silhouette Trawlers's conduct was a cause in fact in bringing about the injuries he claims. To do this, the Plaintiff must prove that the conduct of Deep Sea Fish and Silhouette Trawlers was a actual cause in bringing about his harm.

If the harm to the Plaintiff would have been sustained regardless of any conduct by Deep Sea Fish and Silhouette Trawlers, then Deep Sea Fish and Silhouette Trawlers cannot be said to have been a cause in the harm.

Peyman v. Perini Corp., 507 F.2d 1318, 1324 (1st Cir. 1974), cert. denied, 421 U.S. 914 (1975); Chisholm v. Sabine Towing & Transp. Co., Inc., 679 F.2d 60, 63 (5th Cir. 1982); Martinea v. Sea Land Service, 589 F. Supp. 841, 843 (D. P.R. 1984).

DEFENDANT'S JURY REQUEST NO. 11

(Unseaworthiness)

The burden is upon the plaintiff to prove that a particular method of operating was unsafe. It is not enough for the plaintiff to prove that a safer method existed. Rogers v. Off Shore Drilling Services, 764 F.2d 300 (5th Cir.1985).

DEFENDANT'S JURY REQUEST NO. 12

In order to recover for unseaworthiness the plaintiff must also show that the unseaworthy condition caused his injury. The standard of causation for unseaworthiness is more strict than for a Jones Act claim of negligence. Causation in unseaworthiness is more strict than for a Jones Act claim of negligence. Causation in unseaworthiness requires a showing of "proximate cause in the traditional sense." Proximate cause means that (1) the unseaworthiness played a substantial part in bringing about or actually causing the injury and that (2) the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.

Comeaux v. T.L. James & Co., Inc., 702 F.2d 1023, 1984 AMC 2805 (5th Cir. 1983); Alverez v. J. Ray McDermott & Co., Inc., 674 F.2d 1037, 1042-43, 1984 AMC 302 (5th Cir. 1982); Schoenbaum, Admirality and Maritime Law, Ch. 4, § 4-25 at 278 (2nd ed. 1994).

DEFENDANT'S JURY REQUEST NO. 13

(Unseaworthiness - Standard of Care)

"[T]he mere fact that a seaman is injured in an accident on the vessel is not sufficient, in and of itself, to establish unseaworthiness and consequent liability. The owner does not have to provide an accident-free vessel. It has a duty only to furnish a vessel and appurtenances reasonably fit for their intended use."

Thorton v. Deep Sea Boats, Inc., 399 F.Supp. 933, 936 (S.D. Al. 1975); Jordan v. United States Line, Inc., 738 F.2d 48 (1st Cir.1984); Hubbard v. Faros Fisheries, Inc., 626 F.2d 196, 199 (1st Cir.1980).

If you find that the condition was reasonably fit for its intended use, you must find for the defendant.

Jordan v. United States Line, Inc., 738 F.2d 48 (1st Cir.1984).

DEFENDANT'S JURY REQUEST NO. 14

Nevertheless, if the injury results from the seaman's negligent use of an otherwise seaworthy vessel or his negligence is the sole cause of his injury, he will be barred from recovery.

Boudreaux v. Sea Drilling Corp., 427 F.2d 1160 (5th Cir.1970); Peymann v. Perini Corp., 507 F.2d 1318 (1st Cir.1974); Schoenbaum, Admirality and Maritime Law, Ch. 4, § 4-25 at 279 (2nd ed. 1994).

DEFENDANT'S JURY REQUEST NO. 15

(Sole Negligence of Plaintiff)

If you find that the Plaintiff's accident was caused solely by his own negligence, then you must find in favor of Deep Sea Fish and Silhouette Trawlers on all counts.

Campos v. Marine Transport Lines, Inc., 780 F.2d 165, 165-166 (1st Cir. 1986); In Re Cooper/T. Smith, 929 F.2d 1073, 1077-1078 (5th Cir. 1991).

DEFENDANT'S JURY REQUEST NO. 16

(Comparative/Contributory Negligence, Factors)

"Contributory negligence is conduct which involves an undue risk of harm to the actor himself.... The plaintiff is required to conform [his conduct to] ... that of the reasonable person of ordinary prudence under like circumstances. The unreasonableness of the risks which he incurs is judged by [a] ... process of weighing the importance of the interest he is seeking to advance, and the burden of taking precautions against the probability and probable gravity of the anticipated harm against himself."

Prosser and Keeton, Torts §65 at 453-454 (5th ed. 1984).

DEFENDANT'S JURY REQUEST NO. 17

(Contributory Negligence)

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.[1]

1 Gautreaux v. Scurlook Marine, Inc., 107 F.3d 331 (5th Cir. 1997) (en banc); 3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.20 at 464 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 18

(Effect of a Violation of Law)

If you find from a preponderance of the evidence in the case that Deep Sea Fish and Silhouette Trawlers, by some act or failure to act, violated the provisions of a regulation, such conduct in violation of the law is presumed negligent. This presumption of negligence is not conclusive, but may be overcome or outweighed by evidence in the case satisfying your minds that, notwithstanding any failure to comply with the provisions of law in question, Deep Sea Fish and Silhouette Trawlers acted as a reasonably prudent business would have acted under all the surrounding circumstances shown by the evidence in the case.

A finding of negligence based upon a violation of law will not justify a verdict in favor of the plaintiff unless the violation of law was a proximate cause of an injury or damage found by you to have been suffered by the plaintiff.

Jones v. Otis Elevator Co., 861 F.2d 655, 661 n.10 (11th Cir.1988); 3 O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 120.41 at 261 (5th ed. 2000).

DEFENDANT'S JURY REQUEST NO. 19

(Speculation Impermissible)

Any damages for which the Plaintiff seeks recovery in this action must be proven and not left to guess work or speculation.

Rouse v. Chicago, Rock Island & Pacific R. Co., 474 F.2d 1180 (8th Cir. 1973); 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §85.14 at 338 (4th ed. 1987).

DEFENDANT'S JURY REQUEST NO. 20

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.20 at 438 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 21

(Breach of Primary Duty)

It is Deep Sea Fish and Silhouette Trawlers's position that if plaintiff's accident occurred in the manner alleged by the plaintiff that plaintiff's injury was solely caused by the plaintiff's failure to perform a duty that the plaintiff had consciously assumed as a term of plaintiff's employment.

Deep Sea Fish and Silhouette Trawlers must establish each of the following elements of its defense by a preponderance of the evidence:

First: Plaintiff's injury was caused by plaintiff's failure to perform a duty that the plaintiff had consciously assumed as a term of plaintiff's employment (in other words, it was one of plaintiff's primary duties as a member of the crew to protect against the existence of the unsafe condition that cause the accident);

Second: The plaintiff was injured by a dangerous condition that plaintiff either created or that plaintiff knew existed and, in the proper exercise of plaintiff's employment duties, should have controlled or protected against; and

Third: Plaintiff's injury was caused by plaintiff's knowing failure to carry out plaintiff's responsibilities to protect against that unsafe condition (in other words, the plaintiff must have known of the dangerous condition and failed to act to correct it after having a reasonable opportunity to do so, and that the accident was not caused simply by a momentary lapse of attention for plaintiff's own safety).

3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.52 at 467 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 22

(Operational Negligence)

Deep Sea Fish and Silhouette Trawlers claim that plaintiff's injuries were not due to unseaworthiness but were caused by operational negligence. "Operational negligence" occurs when, during the course of operation of a seaworthy vessel with appliances that are reasonably fit for their intended use or purpose on which normal operations are in process, the previously fit ship or appliance is rendered unsafe because of the acts of some person.

In other words, if the defect arose as a momentary step or phase in the progress of work aboard an otherwise seaworthy ship, and was an incident in the continuous course of operation, and the unseaworthy condition had not yet resulted, defendant is not liable.

3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.120 at 508 (5th ed. 2001).

Respectfully submitted,
By its attorney,

/s/ Robert J. Murphy
Robert J. Murphy
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151